UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BONNIE KUPPERMAN and ARTHUR
KUPPERMAN, wife and husband,

    Plaintiffs,

v.                                       Case No: 8:15-cv-02019-T-30JSS

DANIELLE SHRAGEN, individually,

    Defendant.

## ORDER

THIS CAUSE is before the Court on the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #12) and Plaintiffs' Response in Opposition (Dkt. #14). The Court has reviewed the filings and the applicable law and, for the reasons discussed below, concludes that the motion should be granted.

### *Background*

Plaintiff Arthur Kupperman claims that his daughter, Defendant Danielle Shragen, owes him and his wife more than $113,000 on various loans he extended to Shragen. Shragen claims that she owes the Kuppermans nothing because all of the money her father sent her was a gift.

Aside from this critical conflict, loan versus gift, the parties agree on most of the relevant facts. The Kuppermans are full-time residents of Florida. Shragen is a full-time resident of New Jersey. At some point after the winter of 2014, the Kuppermans transferred

to Shragen at least $113,000. That money was sent from the Kuppermans in Florida, by bank account transfer, to Shragen in New Jersey. Shragen used the money to pay for expenses she incurred in New Jersey. Shragen does not own any real property in Florida and does not travel to Florida on any regular basis. She has no bank account or other assets situated in Florida.

In an affidavit in response to Shragen's motion, Mr. Kupperman alleges a few additional facts: (1) that Shragen initiated the discussion in which she requested that the Kuppermans send her money; (2) that this discussion was in fact a series of approximately thirty-five emails; and that (3) although Shragen resides in New Jersey, it was the parties' understanding that the money would be repaid to the Kuppermans in Florida. (Dkt. 14, p. 2).

*Discussion*

The Kuppermans filed a lawsuit for breach of contract in Florida state court. Shragen removed the case to this Court and now seeks dismissal on the grounds that the Court lacks personal jurisdiction.

I.  **Legal Standard**

A federal court sitting in diversity may exercise personal jurisdiction over a defendant only if two conditions are met: (1) the state's long-arm statute reaches—that is, confers jurisdiction on—the defendant's alleged conduct; and (2) the court's exercise of jurisdiction satisfies the Due Process Clause of the Fourteenth Amendment. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir. 1999); *see also PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 807 (11th Cir. 2010).

The plaintiff bears the burden of establishing a prima facie case of jurisdiction over the non-resident defendant. *PVC Windoors, Inc*., 598 F.3d at 810. A plaintiff establishes a prima facie case when it "presents affidavits or deposition testimony sufficient to defeat a motion for judgment as a matter of law." *Id*. (citation omitted). When the evidence presented by the parties' affidavits and deposition testimony conflicts, "the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Id*. (citation and quotations omitted). If those inferences suffice to defeat a motion for judgment as a matter of law, the court will find jurisdiction exists. *Id*; *see Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988) (describing this evidentiary standard as the same as that required to survive a motion for directed verdict).

Federal courts are duty bound to avoid constitutional questions if the matter at hand can be decided on some other grounds. *Primera Iglesia Bautista Hispana of Boca Raton, Inc. v. Broward County*, 450 F.3d 1295, 1306 (11th Cir. 2006) (citing *Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936) (Brandeis, J., concurring)). The Court, therefore, will first determine whether Florida law confers jurisdiction.

## II. Florida's Long-Arm Statute

Florida's long-arm statute provides that "whether or not a citizen or resident of this state," a defendant is subject to the jurisdiction of Florida courts if he or she breaches a contract "by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(a)(7). Federal courts must interpret this provision, as with any in the long-arm statute, in accordance with Florida Supreme Court precedent. *Cable/Home*

3

*Communication Corp. v. Network Productions, Inc.*, 902 F.2d 829, 856 (11th Cir. 1990).

In Florida courts, failure to pay a contractual debt that is required to be repaid in Florida is sufficient to satisfy the breach-of-contract provision of the long-arm statute. *Sendtec, Inc. V. Cosmetique, Inc.*, No. 8:07-cv-1643-T-24-TGW, 2008 WL 660297, * 3 (March 6, 2008) (citing *Hartcourt Companies v. Hogue*, 817 So.2d 1067, 1070 (Fla. 5th DCA 2002)). And when a contract does not specify a location for repayment, Florida courts have consistently held that the location is presumed to be the payee's place of business. *Hartcourt*, 817 So.2d at 1070 (citing *Unger v. Publisher Entry Servs., Inc.*, 513 S.2d 974 (Fla. 5th DCA 1984)); *Global Satellite Communication Co. v. Sudline*, 849 So.2d 466, 468 (Fla. 4th DCA 2003).

Construed in the Kuppermans' favor, the facts here satisfy the statute and thus the first requirement for personal jurisdiction. The Kuppermans allege that they loaned Shragen money, and an email attached to Mr. Kupperman's affidavit permits the Court to draw the inference that this claim is true. (Dkt. 14, Ex. 2). The email also demonstrates that the loan (being reasonably construed as a loan) does not specify a place of repayment. (See Id.). Given this silence, the Court must presume that repayment was due where Mr. Kupperman did his business—that is, the place where he made his loan payouts (presuming again, in the Kuppermans' favor, that this was a loan). *Hartcourt*, 817 So.2d at 1070. On this final point the parties agree: the payouts, however construed, came from Florida. (Dkt. 12, Ex. 1, p. 3; Dkt. 14, p. 2).

For these reasons, the Court concludes that the facts of this case fall within the reach of Florida's long-arm statute. The Court must now evaluate whether exercising of jurisdiction is constitutional.

### III. Due Process Analysis

To have personal jurisdiction, due process demands that (1) the defendant have certain minimum contacts with the forum state, and that (2) the exercise of jurisdiction over the defendant satisfies "traditional notions of fair play and substantial justice." *Sculptchair, Inc. v. Century Arts, LTD*, 94 F.3d 623, 626 (11th Cir. 1996) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 316 S. Ct. 154, 90 L. Ed. 95 (1945)). For the reasons discussed below, the facts in this case do not meet this demand. As a matter of law, the Court does not have jurisdiction.

**Minimum Contacts**

The constitutional touchstone is whether the defendant established "minimum contacts" with the forum state. *Sendtec*, 2008 WL 660297, at *3. Physical presence is not a requirement. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985). In fact, a defendant who has only "isolated and sporadic contact" with a state may still be subject to jurisdiction if he or she purposefully directs those activities toward the state and the suit arises out of, or is related to, the activities. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) (the specific jurisdiction doctrine); *see also Baker Elecs., Inc. v. Pentar Sys., Inc.*, 219 F.Supp.2d 1260, 1264 (M.D. Fla. 2002) (applying the doctrine in Florida).

The Eleventh Circuit has adopted a three-part test to decide if the minimum contacts requirement is met:

> First, the contacts must be related to the plaintiff's cause of action . . . . Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . . . Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.

*Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993). Under this test, both federal and state courts in Florida have found that failure to pay money owed per a Florida contract, standing alone, is insufficient contact and does not establish jurisdiction over a non-resident defendant. *Sea Lift, Inc. v. Refinadora Costarricense de Petroleo*, S.A., 792 F.2d 989, 994 (11th Cir. 1986); *Sendtec*, 2008 WL 660297, at *4; *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 503 (Fla. 1989).

On the other hand, courts have found that jurisdiction may exist when the defendant owes money in Florida and has additional contacts with the state. *See Sendtec*, 2008 WL 660297, at *4 (citing *Banco Inversion, S.A. v. Celtic Finance Corp.*, 907 So. 2d 704, 709 (Fla. 4th DCA 2005)). In *Sendtec*, for example, which Plaintiffs cite as supporting jurisdiction here, a court in this district found jurisdiction over a non-resident defendant that had failed to make payment per the terms of a Florida contract. 2008 WL 660297, at *5. In addition to the fact that payment was due in Florida, the court found that the parties were engaged in an ongoing, four-year contractual relationship; that, at the start of the relationship, defendant had solicited plaintiff's business; that defendant's employees had

6

written plaintiff over thirty emails and made over thirty phone calls since the contract's formation; and that plaintiff's work under the contract, which required thousands of man hours, was mostly done in Florida. *Id.* These additional contacts, the court held, met the Eleventh Circuit's minimum contacts test. *Id.*

The Kuppermans note the similarities between that case and this one—specifically, that here, like in *Sendtec*, Shragen solicited her father's business and that the parties exchanged at least thirty emails about the business. These similarities, they argue, likewise satisfy the Eleventh Circuit's test.

The Court disagrees. While the *Sendtec* court did identify the defendant's solicitation and email and phone correspondence as relevant factors, a careful evaluation of that case reveals that the most compelling factors there were the defendants "continuing obligations" under the contract and the extensive work the contract required the plaintiffs to perform in Florida. *Id.* at 4-5. (citing *Sea Lift*, 792 F.2d 989, 994). Indeed, *Sendtec* relied on the Eleventh Circuit's opinion in *Sea Lift*, which reversed a district court's finding of jurisdiction. In *Sea Lift*, the non-resident defendant not only solicited the contract, but sent agents to Florida to negotiate the terms, sent the written contract to Florida to be signed and executed there, and failed to pay the contract in Florida per its terms. 792 F.2d at 993.

Still, the court found that these contacts were insufficient to create jurisdiction. The parties, the court emphasized, did not have a "continuing relationship" and the plaintiff was not required to perform work in Florida. *Id.* at 993-94 (citations omitted). In concluding that jurisdiction was lacking as a matter of law, the court found that the actual mailing of payments to Florida should not weigh heavily in determining "purposeful availment." *Id.*

7

(citing *Hydrokinetics, Inc. v. Alaska Mechanical, Inc.*, 700 F.2d 1026, 1029 (5th Cir. 1983)).

More recently, another court in this district relied on *Sea Lift* on a motion to dismiss for lack of personal jurisdiction. *Furnari v. Shapewriter, Inc.*, No. 6:10-cv-1463-Orl-28DAB, 2011 WL 253962, *6 (M.D. Fla. Jan. 25, 2011). In *Furnari*, the defendant, a Delaware corporation, had the following contacts with Florida: it contracted with the plaintiff, who worked from his home office in Florida; it reimbursed the plaintiff for expenses he incurred in Florida; it communicated repeatedly with the plaintiff in Florida; and it made payments to the plaintiff in Florida. *Id.* Citing *Sea Lift*, the court found that these facts were not enough to establish the defendant's minimum contacts with Florida. The Court specifically noted that the defendant never physically entered Florida to solicit business or negotiate the contract, that most of the negotiations took place over the phone, and that the plaintiff's contract performance was to take place outside of Florida. *Id.* (emphasizing the distinction that cases finding jurisdiction all had contracts that required performance, other than contract repayment, in Florida); *but see, e.g., Christus St. Joseph's Health Systems v. Witt Biomedical Corp*, 805 So.2d 1050, 1053 (Fla. 5th DCA 2002) (holding that contract in which defendant hospital purchased two machines in Florida, owed payment in Florida, and required plaintiff to service the machines in Florida did not establish sufficient minimum contacts).

Here, Defendant Shragen's contacts with Florida are similar to those of the defendants in *Sea Lift* and *Furnari*, even when the facts are construed in the Kuppermans' favor. Like in *Furnari*, Shragen solicited Mr. Kupperman's business, but never physically

8

entered Florida to do so. Like in *Furnari*, negotiations took place not in Florida, but via email. And like in *Sea Lift*, Mr. Kupperman and his daughter did not have a continuous business relationship.

Finally, although Mr. Kupperman sent the money from Florida, it is undisputed that this was the only performance the contract required of him. In fact, because it is also undisputed that no written contract existed between the Kuppermans and Shragen, one could reasonably conclude that Mr. Kupperman's act of sending money to New Jersey was not performance of a contract term, but an act of consideration—an essential element to the contract's *formation*. See *Kolodziej v. Mason*, 774 F.3d 736, 741 (11th Cir. 2014) (elements of a contract). If this is the case, Mr. Kupperman's act of sending money had no more legal effect than the plaintiff's act of signing the contract had in *Sea Lift*—an act that likewise took place in Florida and failed to satisfy the Eleventh Circuit that jurisdiction existed.

But even in the best case for the Kuppermans, this performance bears little resemblance to the thousands of work hours the contract required of the plaintiffs in *Sendtec*. It is similarly dwarfed by the work plaintiffs were required to perform in other cases in which Florida courts have exercised personal jurisdiction. See *Furnari*, 2011 WL 253962, at *6 (listing cases and the services required by plaintiffs per contract terms); *see, e.g., Smith Architectural Group, Inc. v. Dehaan*, 867 So.2d 434, 436-37 (Fla. 4th DCA 2004) (finding that plaintiff's architectural design work, which was, per the contract, performed in Florida, established minimum contacts).

9

In the Eleventh Circuit, "neither the actual mailing of payments to the forum state nor a presumptive duty regarding place of payment weighs heavily in the minimum contacts determination." *Furnari*, 2011 WL 253962, at *7 (quoting *Sea Lift*, 792 F.2d at 994) (internal quotations and alterations omitted). The Kuppermans have failed to otherwise establish that Shragen has had enough minimum contacts with Florida to satisfy the Due Process Clause of the Fourteenth Amendment. Because of this finding, the Court need not evaluate whether its exercise of jurisdiction satisfies notions of fair play and substantial justice. That analysis is moot.

It is ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #12) is GRANTED.

2. All claims against Defendant Shragen are DISMISSED for lack of personal jurisdiction.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of November, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2015\15-cv-2019 MTD Pers Juris.docx